## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>      Plaintiff and Counter-Defendant,<br><br>      v.<br><br>NEWMETRO DESIGN, LLC,<br><br>      Defendant and Counter-Plaintiff. | Civil Action No.: 2:16-cv-01981<br>(WHW-CLW)<br><br>**OPINION TO SEAL**<br><br>*Filed Electronically* |

**THIS MATTER** having been opened to the Court by the joint application of Plaintiff and Counter-Defendant Telebrands Corp. ("Telebrands"), and Defendant and Counter-Plaintiff NewMetro Design, LLC by and through their undersigned counsel, in connection with the parties' Motion to Seal, pursuant to Local Civil Rule 5.3(c) the entirety of Exhibits A-C to Declaration of Jesse Chow in Further Support of Plaintiff Telebrands Corp.'s Motion for a Preliminary Injunction (D.E. 78) ("Ex. A-C to Chow Decl."); and the Court having considered the papers submitted by the parties in support of the Motion; and the Court having considered and adopted the Declaration of Liza M. Walsh, counsel for Telebrands, and the Declaration of Jesse Chow, Business Development Director of non-party Daka Research, Inc. ("Daka"); and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

### FINDINGS OF FACT

A. Pursuant to the Local Civil Rule 5.3(c), the parties move to seal the entirety of Ex. A-C to Chow Decl. relating to Daka's valuable and sensitive business information related to the customers and/or potential customers of Daka or pricing information, packaging

information, and/or identity of unrelated products because Daka submit they contain, reference and discuss documents and information designated by Daka as "Confidential." Ex. A-C to Chow Decl. are collectively referred to herein as the "Confidential Information."

B. The Confidential Information contains and/or reflects information that Daka has designated as "Confidential."

C. In particular, the Confidential Information contains valuable and sensitive business information related to the customers and/or potential customers of Daka, orders and/or potential orders, pricing information, and/or financial information, which information is presently confidential and unavailable to the public.

D. The legitimate private or public interests which warrant confidentiality are: non-party Daka has a legitimate interest in maintaining the confidentiality of its valuable and sensitive business information related to the customers and/or potential customers of Daka, orders and/or potential orders, pricing information, and/or financial information. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: Daka would be seriously injured.  Information which was not intended to be seen by competitors would be available for review and potential use against the Daka. Moreover, competitors (actual and potential) in the highly competitive industry, who are not parties to this action would have access to the information.  There is no less restrictive alternative to the sealing of the Confidential Information.

E. The parties have complied with the terms of the Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A.  The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that Telebrands has satisfied its burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Documents are confidential and entitled to protection.  There exists in civil cases a common law public right of access to judicial proceedings and records.  Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)).  The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect."  Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  This Court has the power to seal where confidential information may be disclosed to the public.  Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace.  See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  As such, "[t]he presence of trade secrets or other confidential

3

information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in the parties' submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

**THEREFORE,** it is on this 21 day of November, 2016;

**ORDERED** as follows:

1. Ex. A-C to Chow Decl. contain confidential information.

2. The Court further finds that Daka would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the parties' joint Motion pursuant to Local Civil Rule 5.3(c) to Seal the above referenced Ex. A-C to Chow Decl. is **GRANTED**.

**HONORABLE CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**